IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| S. Lyman Munson, | Civil Action No. 3:16-cv-01528-MBS |
| Plaintiff, | |
| vs. | |
| City of Columbia; City of Columbia Police Department; Ronnie Hingleton, individually and in his official capacity as Housing Inspector for the City of Columbia; Lisa Sumpter, individually and in her official capacity as Code Enforcement Inspector for the City of Columbia; David Hatcher, individually and in his official capacity as Housing Official for the City of Columbia, Teresa Wilson, as City Manager for the City of Columbia, | **OPINION AND ORDER** |
| Defendants. | |

Plaintiff S. Lyman Munson filed a verified Complaint against Defendants to recover for alleged violations of the United States Constitution and state law, and for declaratory relief and permanent injunction on May 11, 2016. On June 6, 2016, Defendants City of Columbia ("the City") and City of Columbia Police Department ("Columbia Police Department") filed a Motion to Dismiss/Strike based on several grounds including: insufficient service of process, failure to state a claim upon which relief can be granted, redundancy, and the doctrine of *Younger* abstention.[1] Plaintiff filed a response in opposition on June 23, 2016. On October 19, 2016 Plaintiff filed an affidavit verifying true

---

[1] Reserving its rights pursuant to the motion to dismiss/strike, the City and Columbia Police Department also filed an Answer to the Complaint on June 6, 2016.

1

and correct depictions of the property at issue before and after the City's alleged removal of trees and shrubs thereon as more particularly described in the Complaint. ECF No. 42. A hearing on Defendants' motion was held on October 19, 2016, and the court hereby issues the following opinion and order.

### I.     STANDARD OF REVIEW

Defendants move to dismiss on the basis of Federal Rules of Civil Procedure 12(b)(6) and 12(f). In both those cases, the standard of review is the same. *See*, *e.g.*, *Ostrzenski v. Seigel,* 177 F.3d 245, 251 (4th Cir.1999) (stating, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff); *Monster Daddy LLC v. Monster Cable Prod., Inc*., No. 6:10-1170, 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2010) (stating, pursuant to Federal Rule of Civil Procedure 12(f), "the court must view the pleading under attack in a light most favorable to the pleader" (internal quotation marks omitted)). Therefore, the court will consider Defendants' motion to dismiss taking the facts as alleged in the Complaint as true and all reasonable inferences therefrom in the light most favorable to Plaintiff.

### II.    FACTUAL BACKGROUND

For purposes of this motion, the facts as stated in Plaintiff's Complaint allege that upon return home from a business trip on May 2, 2015, Plaintiff found many trees and shrubs at his property at 4015 Lamar Street in Columbia, South Carolina, cut down to or near to the ground. Plaintiff filed a police report for trespass and malicious destruction of

property. While at work the next day, Plaintiff was informed by a neighbor that Defendants Hatcher, Hingleton, and Sumpter had arrived at 4015 Lamar Street to continue cutting down to or near to the ground the landscaping there. Plaintiff called 911, filed a police report again for malicious destruction of property and trespass, and Defendant Hatcher thereupon agreed to refrain from any further action at 4015 Lamar Street pending resolution of Plaintiff's dispute. Before leaving the property, the verified Complaint alleges that Defendant Sumpter stated, "We finally got you [Plaintiff]."

Plaintiff raised constitutional and other state law claims associated with these actions to Defendant Theresa Wilson. Defendant Wilson denied any wrongdoing by the City. Rather, Defendant Hatcher produced a Notice of Violation of the City of Columbia Code of Ordinances section 8-301 allegedly issued by Defendant Hingleton to Plaintiff, the owner of 4015 Lamar Street, on January 9, 2015. Section 8-301 ("Weed and Debris Ordinance") states: "It shall be unlawful for the owner and/or occupant of property to fail to cut grass, weeds and other overgrowth vegetation on property when the grass, weeds and other overgrowth vegetation is of a greater height than one foot on the average . . . ." City of Columbia Code of Ordinances § 8-301, *available at* https://www2.municode.com/library/sc/columbia/codes/code_of_ordinances?nodeId=CO OR_CH8ENHESA_ARTVIIWEDE_S8-301RERE (last visited June 20, 2016). The City then served Plaintiff with Summons Number CE10193 on May 4, 2016, to prosecute Plaintiff for an alleged violation of section 8-301, to which Plaintiff requested a jury trial. This municipal court action is still pending.

The Complaint alleges nine causes of action against varying named Defendants for allegedly removing trees and shrubs on private property absent exigent circumstances or a

3

right to be heard.  Defendants City of Columbia and City of Columbia Police Department are specifically named in three causes of action, including:

(1) Cause of Action One: Declaratory judgment that the application of section 8-301 of the City Code of Ordinances ("Weed and Debris Ordinance") to remove trees and shrubs from private property absent exigent circumstances or a right to be heard is in violation of the Fourth Amendment's right to be free from unlawful searches and seizures and the Fourteenth Amendment's right to substantive and procedure due process and a permanent injunction as to any further action by the City regarding the same; (2) Cause of Action Seven: Violation of 42 U.S.C. § 1983 for adopting and promulgating the unconstitutional application of section 8-301, and failing to supervise and adequately train the City's employees with regard to the rights of person with whom its employees come into contact; and (3) Cause of Action Eight: Trespass.

Defendants Hingleton, Hatcher, and Sumpter are named in the caption in their individual and official capacities, and the Complaint asserts they violated Plaintiff's constitutional rights. Causes of Action Two through Five assert violations of Plaintiff's Fourth Amendment right against unlawful searches and seizures and Fourteenth Amendment right to procedural due process, substantive due process, and equal protection under the law. Causes of Action Eight and Nine assert state law claims of trespass and civil conspiracy.  The Complaint also asserts a malicious prosecution claim in Cause of Action Six against Defendants Hatcher and Hingleton.  The Complaint is somewhat ambiguous with respect to Defendant Theresa Wilson.  The caption does not signify Defendant Wilson is being sued in her individual capacity, but that Defendant Wilson is being sued as City Manager for the City of Columbia.  However, paragraph six avers that Defendant Wilson

4

is sued in both her individual and official capacities. Moreover, while the Complaint attributes particular causes of action to Defendants Hatcher, Hingleton, and Sumpter, no particular cause of action is attributed to Defendant Wilson except for the trespass claim brought against all Defendants generally.

The City and the Columbia Police Department moved to dismiss and/or strike portions of the Complaint pursuant to Rules 12(b)(5), 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, stating three grounds: (1) insufficient service of process; (2) Plaintiff's claims against the individual Defendants in their official capacities are redundant to the claims made against the City; (3) failure to state a claim upon which relief can be granted against the City of Columbia Police Department. Further, the City and Columbia Police department sought dismissal based on *Younger* abstention. The court will address each in turn.

### III.     DISCUSSION

#### (1) Insufficiency of Service of Process

After Defendants Columbia and Columbia Police Department filed this Motion to Dismiss/Strike, the parties agreed at the hearing that Plaintiff perfected service. Thus, Defendants' motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process is now moot. It is therefore ordered that the City's Motion to Dismiss pursuant to Rule 12(b)(5) is denied as moot.

#### (2)  Claims Against the Individual Defendants in their Official Capacities

The City moved to dismiss or strike pursuant to Rule 12(b)(6) or 12(f) Plaintiff's claims against the individual Defendants in their official capacities, claiming that "[s]uch

5

claims are redundant to the same claims made against the City of Columbia." ECF No. 18 at 2.  As an initial matter, "[a] Rule 12(b)(6) motion does not address the redundancy of claims; it questions only their validity. Redundant claims may all be valid." *Capresecco v. Jenkintown Borough*, 261 F. Supp. 2d 319, 322 (E.D. Pa. 2003) (internals citations and alternations omitted).

Striking a portion of a pleading, moreover, is viewed with disfavor and reserved only as a drastic remedy. *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (2d ed.1990)).  Despite these hurdles, Plaintiff's counsel stipulated at the hearing that for purposes of the claims brought specifically against the City for declaratory relief and permanent injunction, violation of 42 U.S.C. § 1983, and trespass, the underlying or similar claims for violations of the Fourteenth Amendment and Fourth Amendment and trespass (Causes of Action Two through Five & Eight) against the individual Defendants are brought against them in their individual capacity only.  The references in the Complaint to actions taken by Defendants in their official capacities is to illustrate liability of the City under those causes of action, and would otherwise be duplicative of the claims specifically asserted against the City.  Therefore, the court finds that the individual Defendants are sued only in their individual capacity in Plaintiff's Second, Third, Fourth, Fifth, and Eighth Causes of Action (Violation of the Fourteenth Amendment's Right to Due Process, Substantive Due Process, and Equal Protection, Violation of the Fourth Amendment Right to be Free from Unreasonable Searches or Seizures, and Trespass, respectively), and orders that the Complaint be amended to reflect this clarification. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004).  Inasmuch as

the City has been sued by naming the individual Defendants in their official capacity for Causes of Action Six and Nine, malicious prosecution and civil conspiracy, Plaintiff shall amend the caption, removing reference to the individual Defendants in their official capacity, and specifically add the City as a Defendant subject to those causes of action. As to any cause of action intended to be brought against Defendant Wilson in her individual capacity, Plaintiff is permitted to amend the Complaint as necessary to assert any and all claims with specificity so as to give Defendants adequate notice.

### (3) Plaintiff's Claims against Defendant City of Columbia Police Department

The City moved to dismiss the Columbia Police Department, asserting that it is not a separate legal entity from the City for purposes of liability under 42 U.S.C. § 1983. In opposition, Plaintiff agreed that the City and the Columbia Police Department were treated as the same entity for damages claims under section 1983 but questioned whether the same was true for purposes of injunctive and declaratory relief. At the hearing, the City submitted that Columbia Police Department would be bound by any Order of the Court against the City for declaratory or injunctive relief too. *See, e.g.*, *Assad'ad-Faltas v. City of Columbia, SC*, No. 3:13-2715, 2013 WL 12098808 (D.S.C. Nov. 1, 2013), *adopted by* 2014 WL 12526336 (D.S.C. June 26, 2014) (holding that City of Columbia Police Department is "not a person amenable to suit under § 1983" as the Columbia Police Department is merely the vehicle through which the City fulfills its policing functions). Therefore, the City's motion to dismiss Defendant Columbia Police Department pursuant to Rule 12(b)(6) is granted.

**(4)     Motion to Dismiss Based on Doctrine of Abstention**

The City moved to dismiss the entire action based on the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.  The City argues that it has charged Plaintiff with violating section 8-301 of the City Code of Ordinances, and that proceeding is still pending.  The City claims that Plaintiff's pursuit of this federal action will interfere with the City's prosecution of Plaintiff for violation of section 8-301 of the City Code, and that Plaintiff otherwise has neither exhausted his avenues for relief with regard to the matters raised in the Complaint in the state court system, nor alleged inadequate remedy at law or irreparable injury if the district court does not act.  The City finally states that Plaintiff can raise the constitutional and state law claims asserted in this action in defense to the City's prosecution of a violation of section 8-301.

Generally speaking, federal courts have an "unflagging" obligation to decide cases within the scope of federal jurisdiction.  *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)).  *Younger* represents a narrow class of cases in which a federal court declines to exercise jurisdiction to avoid offending principles of judicial comity between the federal and state courts.  To apply *Younger*, the court must determine whether: (1) there are ongoing state proceedings, judicial in nature, and instituted prior to any substantial progress in a federal proceeding; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the claims advanced in the federal suit.  *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).  Courts must be mindful, however, that the "existence of a pending state proceeding between the parties

8

that parallels the facts of the federal action is not in itself sufficient." *Addiction Specialist, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005).

*Younger* is not applicable here. As an initial matter, South Carolina municipal courts lack jurisdiction in civil matters. S.C. Code Ann. § 14-25-45. The court's consideration of the City and Columbia Police Department's motion to dismiss based on the abstention doctrine in *Younger*, therefore, may apply only to Plaintiff's action for declaratory judgment and injunctive relief. A district court "'has no discretion to dismiss rather than stay claims for monetary relief that cannot be redressed in the state proceeding.'" *Nivens v. Gilchrist*, 444 F.3d 237, 248 (2006) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)).

Plaintiff's cause of action for declaratory judgment and injunctive relief, moreover is narrowly stated, requesting declaratory judgment that the section 8-301 is "unconstitutional as it is applied to raze trees and shrubs on private citizen's property absent exigent circumstances and without any right or opportunity to be heard," (ECF No. 1 Compl. ¶ 45.), and, similarly, injunctive relief against the City from issuing any further "Notices of Violation . . . pursuant to the Weeds and Debris Ordinance relating to trees or shrubs, absent exigent circumstances and without any right or opportunity to be heard" (ECF No. 1 Compl. ¶ 46). Whereas, section 8-301 applies to "grass, weeds, and other overgrowth vegetation" and specifically excludes "trees and shrubs" from its scope. *See* City of Columbia Code of Ordinances § 8-301, *available at* https://www2.municode.com/library/sc/columbia/codes/code_of_ordinances?nodeId=CO OR_CH8ENHESA_ARTVIIWEDE_S8-301RERE  (last visited June 20, 2016) ("It shall be unlawful for the owner and/or occupant of property to fail to cut grass, weeds and other

9

overgrowth vegetation on property when the grass, weeds and other overgrowth vegetation is of a greater height than one foot on the average . . . ."); Columbia Police Department, <u>General Maintenance Guidelines: Yards</u>, http://www.columbiapd.net/yards.html (stating Overgrowth and Weeds include "all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens") (last visited June 20, 2016); Columbia Police Department, <u>Frequently Asked Questions</u>, www.columbiapd.net/f.a.q.html (providing "what constitutes an overgrown lot . . . Weeds and plant overgrowth, including grasses, annual plants and vegetation greater than 12 inches in height on average are in violation. Trees, shrubs, cultivated flowers and gardens are excluded") (last visited June 20, 2016). Plaintiff's pursuit of this federal court action regarding the City's and individual Defendants' allegedly unconstitutional removal or trees and shrubs from 4015 Lamar Street, therefore, will not affect the City's municipal court prosecution of Plaintiff for the alleged failure to remove any weeds, debris or overgrowth vegetation from 4015 Lamar Street.

The mere fact that this federal court action relating to trees and shrubs at 4015 Lamar Street may have arisen out of the same factual background as the City's municipal court action relating to weeds, debris, and overgrowth vegetation is insufficient reason to apply *Younger*. *See Addiction Specialist*, 411 F.3d at 408 (stating that "the mere fact that the factual background of a case arose out of a land dispute is not enough to say that the federal proceeding would interfere with state proceedings that involve important state interests for *Younger* abstention purposes"). This matter involves the constitutionality of the City's removal of trees and shrubs from private property absent exigent circumstances or an opportunity to be heard. Resolution of this issue will not cast any "aspersion of the

10

capabilities and good faith" of the municipal court to adjudicate whether Plaintiff failed to remove weeds, debris, or overgrowth vegetation from his property, "disrupt" any important interest of the State in regulating weeds, debris, or overgrowth vegetation on any property, nor effectively "annul" the results of any municipal action regarding weeds, debris, or overgrowth vegetation on Plaintiff's property. *See Moore v. City of Asheville*, 396 F.3d 385, 394 (4th Cir. 2005) (internal quotation marks omitted) (using these points to determine whether the core concepts of *Younger* apply). The City is not prosecuting Plaintiff's alleged failure to remove trees and shrubs from 4015 Lamar Street; thus, Plaintiff's federal court action claiming the City's conduct in this regard is unconstitutional would provide no defense to the municipal court action that Plaintiff failed to remove weeds, debris, or overgrowth vegetation from his property. *See, e.g., Addiction Specialist*, 411 F.3d at 410 (discerning that the matter involved the township's discriminatory enforcement of certain policies and laws rather than opposition to the constitutionality of the policy or law itself and finding that injunction enjoining township's alleged discriminatory enforcement of land use policies is not tantamount to invalidating the land use policies themselves). For the reasons explained above, Defendant's Motion to dismiss based on abstention is denied.

11

## IV.     CONCLUSION

As set forth herein, this Court hereby **DENIES** as moot the City's motion to dismiss for insufficient service of process, **GRANTS** the City's motion to dismiss against the City of Columbia Police Department, **DENIES** the City's motion to dismiss based on abstention, and **GRANTS** the City's motion to strike or dismiss various claims made by Plaintiff against the individual Defendants in their official capacity with leave for the Plaintiff to amend the Complaint to clarify the claims asserted against the City and any individual Defendant within 10 days of the filing of this Order.

IT IS SO ORDERED.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

November 4, 2016
Columbia, South Carolina